UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Cr. No. SA:10-CR-00593-DAE(1) |
| § | |
| ROBERT WARREN SCULLY, § | |
| § | |
| Defendant. § | |

ORDER DENYING MOTION FOR REPRODUCTION
OF SEIZED PROPERTY

Before the Court is the Opposed Motion for Reproduction of Seized Property filed by Movant Gourmet Express, LLC ("Gourmet Express"). (Doc. # 115 ("Mot.").) For the reasons that follow, the Court **DENIES** Gourmet Express's Motion.

BACKGROUND

The above-entitled case is a criminal proceeding against Defendant Robert Warren Scully. Scully is a former owner of Gourmet Express, which manufactures frozen skillet meals and distributes them to various food retail and warehouse establishments across the United States. The government alleges that Scully and his nephew concealed income for tax purposes by creating four shell companies in Thailand, using them to inflate the cost Gourmet Express paid for

1

shrimp and other ingredients, and then siphoning off those excess costs to various bank accounts that they and their wives used for personal expenses. (See doc. # 3.)

Gourmet Express is not a party to this criminal action. However, Gourmet Express is the defendant in a civil action currently pending in the United States District Court for the Western District of Kentucky, styled <u>Groupwell International (HK) Ltd. v. Gourmet Express, LLC</u>, Case No. 4:09-cv-94-M (the "Civil Case"). (Mot. ¶ 5.)

On May 29, 2013, Gourmet Express filed in this case a Notice of Attorney Appearance (doc. # 114) and the Opposed Motion for Reproduction of Seized Property that is now before the Court (doc. # 115). The Motion seeks the reproduction of certain property seized by the IRS and of the related search warrant materials. (Mot. ¶¶ 1–6.) Gourmet Express explains that it "is not asking for the <u>return</u> of seized property, but rather its <u>reproduction</u> for use in another courthouse" (<u>id.</u> ¶ 5 (emphases added))—that is, for use as evidence in the Civil Case. Specifically, Gourmet Express seeks, pursuant to Federal Rule of Criminal Procedure 41(g), the reproduction of property seized from the following three locations: (1) Gourmet Express, LLC, located at 204 North Ford Street, Gridley, Illinois (Mot. ¶ 1); (2) the residence of Kevin Scully, located at 324 West Railroad Street, La Moille, Illinois (<u>id.</u>); and (3) the residence of Defendant

Robert Scully, located at 1015 East Cliff Drive, Santa Cruz, California (id. ¶ 2). Gourmet Express concedes that these materials were legally seized (id. ¶ 3) but insists that they are "critical to the successful preparation and prosecution of Gourmet Express's claims and defenses" in the Civil Case (id. ¶ 5). While seized in Illinois and California, the property "is presently located at the offices of the IRS, located at 100 NE Loop 410, San Antonio, Texas 78216." (Mot. ¶ 26.)

Defendant Scully filed a Response in opposition to the Motion on May 2, 2013, insisting that the Court should deny the Motion as improperly filed in a criminal case because Gourmet Express "is not a party in the instant criminal case, and has failed to establish a legal basis for intervention." (Doc. # 117 at 2.) Gourmet Express did not file a Reply.

## DISCUSSION

I.  Reproduction of Property Seized in Illinois and California

While "there is no procedure for nonparty intervention in criminal cases" analogous to that provided for by Federal Rule of Civil Procedure 24, United States v. Slovacek, 699 F.3d 423, 427 (5th Cir. 2012), federal courts do permit third parties to "intervene" in criminal proceedings in certain limited circumstances:

> [T]he third parties permitted to "intervene" by those appellate courts have been limited generally to either (1) media representatives seeking to "intervene" in a federal criminal case for the limited purpose of challenging

> or appealing a federal district court order closing district court proceedings or sealing court documents or other materials or (2) corporations or other business entities seeking leave to intervene to protect privileged or confidential information or documents obtained, or property seized, during a criminal investigation.

Harrelson v. United States, 967 F. Supp. 909, 912–13 (W.D. Tex. 1997) (collecting cases). However, even assuming that Gourmet Express's Motion falls into one of these limited categories—assuming that a non-party may file a Rule 41(g) motion in a pending criminal case—Rule 41(g) does not afford Gourmet Express the relief it seeks.

Gourmet Express notes that Rule 41(g) "states, in part: 'A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.'" (Mot. ¶ 29.) However, the part of Rule 41(g) that Gourmet Express did not quote states: "The motion <u>must</u> be filed in the district where the property was seized." Fed. R. Crim. P. 41(g) (emphasis added); see also Industrias Cardoe, Ltda. v. United States, 983 F.2d 49, 51 n.1 (5th Cir. 1993) ("A person aggrieved by an unlawful search and seizure or by the deprivation of property may move <u>the district court for the district in which the property was seized</u> for the return of the property on the ground that such person is entitled to lawful possession of the property.") (emphasis added).

Even setting aside the question of whether Rule 41(g) permits a party to move for the return of property that was <u>validly</u> seized (rather than, as the Rule

states, pursuant to "an unlawful search and seizure"), Gourmet Express is not entitled to relief pursuant to that Rule.  The instant Motion makes clear that the property at issue was not seized in the Western District of Texas: Two of the searches took place in Illinois pursuant to search warrants issued by the Honorable Joe Billy McDade, U.S. District Judge for the Central District of Illinois (Mot. ¶ 1), and the Motion acknowledges that the two Illinois locations were "within [that court's] jurisdiction" (id.)—not within this Court's.  The third search took place in Santa Cruz, California, pursuant to a search warrant issued by U.S. Magistrate Judge Patricia V. Trumbill of the Northern District of California.  (Id. ¶ 2.)

Because Rule 41 explicitly states that a motion for reproduction of seized property "must be filed in the district where the property was seized," Fed. R. Crim. P. 41(g) (emphasis added), and because the requested property was seized in the Central District of Illinois and in the Northern District of California, Gourmet Express's Rule 41(g) Motion is denied.

II.     Request for Disclosure of Search Warrant Materials

Gourmet Express also seeks the reproduction of the "the search warrant materials[,] as any materials that gave probable cause for the issuance of a search warrant[] would appear to relate to the claims and defense[s] . . . in the [Civil Case]."  (Mot. ¶¶ 6, 34.)  Gourmet Express asserts that "[t]here is a

common law presumption to right to access to judicial records including search warrant materials." (Mot. ¶ 35.) Defendant Scully insists that Gourmet Express's Motion should be denied because it seeks "materials protected by [the] Internal Revenue Code." (Doc. # 117 at 2 (citing 26 U.S.C. §§ 6103(b)(2), 7213).)

The Fifth Circuit has yet to definitively address the scope of the common-law right of access to search-warrant materials after an indictment has been returned. See In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders, 562 F. Supp. 2d 876, 892 (S.D. Tex. 2008) (noting that "[n]o Fifth Circuit decision reaches the issue"); United States v. Ketner, 566 F. Supp. 2d 568, 586 (W.D. Tex. 2008) (noting that "there may be a qualified common law right of access to [search-warrant] affidavits inasmuch as they are judicial records and presumptively open" but deciding to "exercise [the] discretion to maintain them under seal" in that case). However, other circuits have found that the public has a qualified right of access to such materials. See, e.g., United States v. Business of Custer Battlefield Museum and Store Located at Interstate 90, Exit 514, South of Billings, Mont., 658 F.3d 1188, 1193 (9th Cir. 2011) ("[T]he public has a qualified common law right of access to warrant materials after an investigation has been terminated."); In re Boston Herald, Inc., 321 F.3d 174, 194 n.9 (1st Cir. 2003) (explaining that "search-warrant affidavits . . . are classified as judicial documents to which a qualified common law right of access attaches"); Baltimore

Sun Co. v. Goetz, 886 F.2d 60, 64–65 (4th Cir. 1989) (holding that common-law right of access attaches once warrant is filed); In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574–75 (8th Cir. 1988) (finding qualified right of access to documents filed in support of search warrants).

Federal Rule of Criminal Procedure 41(i)—which states that "[t]he magistrate judge to whom the warrant is returned must attach to the warrant a copy of the return, of the inventory, and of all other related papers and must deliver them to the clerk in the district where the property was seized"—also lends support to the idea that the public has a qualified right of access to search-warrant materials. That Rule "contemplates that upon the warrant's return all papers in connection with the warrant, including the application or affidavit in support of the warrant, will be made public," and it "facilitates observance of existing rights of access by directing the judicial officer to file all papers relating to the search warrant in the clerk's office." 8A Fed. Proc. § 22:204 (2013).

Nevertheless, whether Gourmet Express should be granted access to the search-warrant materials or whether the provisions of the Internal Revenue Code that Defendant Scully cites prohibit such access is not a question for this Court to decide; it is a question for the courts in which those documents were filed. See, e.g., Matter of Application and Affidavit for a Search Warrant, 923 F.2d 324, 328 (4th Cir. 1991) (explaining that the court in which the defendant

was to be tried could not unseal the search-warrant affidavit because "[t]he affidavit was initially filed appropriately with [another court] and could be unsealed only by that court"); Baltimore Sun Co., 886 F.2d at 65 ("[T]he common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer who issued the warrant.") (emphasis added); see also Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 598 (1978) (noting that "the right to inspect and copy judicial records is not absolute" and that "[e]very court has supervisory power over its own records and files").

   The three search warrants at issue here were applied for, issued, and executed in the Central District of Illinois (see Mot. Exs. A, B) and in the Northern District of California (see id. Ex. C). Pursuant to Rule 41(i), the documents relating to those search warrants should have been delivered to the clerks and filed "in the district[s] where the property was seized," which are the Central District of Illinois and the Northern District of California, not the Western District of Texas. Accordingly, because this Court does not have the authority to unseal search-warrant materials filed in another district, Gourmet Express's Motion to reproduce those materials is denied.

## CONCLUSION

For the foregoing reasons, Movant Gourmet Express's Motion for Reproduction of Seized Property (doc. # 115) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 2, 2013.

_____
David Alan Ezra
Senior United States District Judge