UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| vs. | § § § | No. SA: 10-CR-593-DAE |
| ROBERT WARREN SCULLY, | § § | |
| Defendant. | § | |

ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS SECOND
SUPERSEDING INDICTMENT

Before the Court are Defendants' Second, Third, and Fourth Amended Motions to Dismiss the Second Superseding Indictment for Post-Indictment Delay. (Dkt. # 177, 185, 205). The Court finds that these motions are suitable for disposition without a hearing. After careful consideration of the arguments in the supporting and opposing memoranda, the Court **DENIES** Defendant's Motions.

BACKGROUND

In sum, Defendant argues that the delays in his trial since the indictment, and particularly the delay since March 2014, were the result of the Government's tactics and therefore, the dismissal of the Second Superseding Indictment for post-indictment delay is warranted. (See dkt. # 177 at 6.) On March 14, 2014, the Court found that the delays in trial since the initial indictment

1

did not warrant dismissing the Second Superseding Indictment. (Dkt. # 159.) These delays are outlined in the Court's previous Order. Therefore, this Order shall relate the facts pertaining only to the delays since that date.

On March 21, 2014, the Court held a status conference in preparation for Defendant's scheduled trial date. (Dkt. # 173.) At the conference, the Government stated that it had begun a review of metadata on documents contained in files in Defendant's hard drive and that it believed this information might be used at trial. According to Defendant, the Government stated that Defendant's counsel had been put in an "ethical box in proceeding to trial, as a cloud now existed over Defendant's introduction of any business record, as well as any witness examination conducted by Defendant's counsel . . . ." (Dkt. # 177 at 1.) Defendant contends that, at the hearing, he realized his motion in limine to exclude this evidence would not be sufficient and that a continuance was necessary. (Id. at 2.)

On April 8, 2014, Defendant filed his Second Amended Motion to Dismiss for Post-Indictment Delay (Dkt. # 177

On July 24, 2014, Defendant filed a motion to suppress the fruits of a search warrant issued for Defendant's AOL email account and executed on May 28, 2014. (Dkt. # 187 at 4.) The Government received materials responsive to the search warrant on June 24, 2014. (Id.)

On July 29, 2014, Defendant filed a Motion in Limine or in the alternative Motion for Continuance (Dkt. # 185) and a Third Motion to Dismiss Indictment for Post-Indictment Delay (Dkt. # 186).  In the Motion in Limine, Defendant moves to exclude 48 documents produced on July 28, 2014, by the Government.  (Dkt. # 185 at 2.)  Defense counsel argued that because the proposed trial date was within three weeks, the timing was such that it would have been impossible to render effective assistance if the documents were not excluded by the Court.  (Id.)  The Court granted a continuance of the trial on August 12, 2014, but decided to allow the motion in limine to remain pending.

On August 8, 2014, Defendant filed his Fourth Amended Consolidated Motion to Dismiss for Post-Indictment Delay (Dkt. # 205).  In this motion, Defendant re-urges his previous arguments.  (Id.)  Therefore, throughout the remainder of this Order, the Court shall refer principally to this motion.

In sum, Defendant asserts the Second Superseding Indictment should be dismissed due to post-indictment delay because (1) the Government forced a delay of trial in March by including William Romney on its filed witness list when the Government had not included him on a witness list provided to Defense counsel a few weeks prior; (2) the Government forced a delay by claiming that there was new metadata evidence it discovered just before trial that potentially called the veracity of Defendant's exhibits into question; (3) the delay since March

2014 was unnecessary because the metadata analysis that the Government undertook had already been reviewed during the Governments initial review many months earlier (Id. at 3); (4) the Government's August exhibit list is nearly double the size of the March 2014 one, and adds only one exhibit containing metadata, demonstrating that the Government was merely using the metadata argument as pretense to continue discovery; (5) the Government's doubling of the number of exhibits necessitated Defendant's request for a continuance; and (6) the Government's delay in including these documents on the exhibit list created the need for further delays because had these documents been listed previously, Defense counsel would have asked the foreign witnesses about these documents during their depositions (Id. at 6).  Defendant contends that these delays since this Court's March 14, 2014 Order have changed the calculus and the Second Superseding Indictment should now be dismissed due to post-indictment delay.

## LEGAL STANDARD

As outlined in this Court's previous order, the delay occasioned between the indictment and March 2014 did not violate Defendant's constitutional rights or warrant a dismissal of the Second Superseding Indictment due to post-indictment delay. (Dkt. # 159.) However, the Court must now analyze whether delays since March 2014, evaluated in light of the entirety of the case, warrant dismissal due to post-indictment delay.

The Sixth Amendment guarantees an accused the right to a speedy trial. U.S. Const. amend. VI. When a defendant argues that right has been violated, a court evaluates four factors first enunciated in Barker v. Wingo, 407 U.S. 514, 530 (1972). The relevant factors are "(1) the length of the delay, (2) the reason for [it], (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay." United States v. Parker, 505 F.3d 323, 328 (5th Cir. 2007) (citing Barker, 407 U.S. at 530).

To evaluate the Barker factors, a court must first analyze the length of the delay; this factor operates as a "triggering mechanism for determining whether the court is required to balance the remaining three Barker factors." United States v. Serna-Villarreal, 352 F.3d 225, 230 (5th Cir. 2003) (internal quotation marks omitted). If the delay is more than a year, a court should evaluate the remainder of the Barker factors. Id.

In evaluating the reason for the delay, the second factor, a court assigns different weights to the different reasons put forth by the government. Doggett v. United States, 505 U.S. 647, 657 (1992).

> Although negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun. And such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies

> inversely with its protractedness, and its consequent threat to the
> fairness of the accused's trial.

Id.

In evaluating the third factor, whether a defendant diligently asserted his Sixth Amendment rights, the Fifth Circuit maintains that "[m]ere assertion of the speedy trial right is not enough . . . to weigh in a defendant's favor." Parker, 505 F.3d at 329.  Instead, the Court looks to a defendant's assertion of the right in light of "the totality of the proceedings." Id. at 330 (finding this factor weighed against a defendant who waited eight months between being indicted and indicating he wanted trial to proceed and waited an additional six months before asserting his right to a speedy trial).

As to the fourth factor, the defendant bears the burden of demonstrating prejudice. Serna-Villareal, 352 F.3d at 232.  However, if the delay is long enough, a court may presume prejudice.  To presume prejudice based only on a temporal delay, the Fifth Circuit maintains that "delays of less than five years are not enough, by duration alone to presume prejudice." Parker, 505 F.3d at 328–29.  In assessing whether a defendant has suffered prejudice, courts are most concerned with "the possibility that [the defendant's] defense will be impaired by dimming memories and loss of exculpatory evidence." Doggett, 505 U.S. at 654. This possibility is particularly concerning because it implicates "the ability of a

defendant to adequately prepare his case" which may skew "the fairness of the entire trial." Id.

In United States v. Milhim, the government filed a superseding indictment six days before trial and after a jury had been selected but not sworn. 702 F.2d 522, 523 (5th Cir. 1983). The superseding indictment added two related counts to the original indictment. Id. The district court granted a continuance and on defendant's request, discharged the jury and selected a new one. Id. Trial proceeded on all three counts in the superseding indictment, and defendant was convicted of two of the counts. Id. The defendant appealed arguing he had been denied his Sixth Amendment rights. Id. at 524. After analyzing the Barker factors, the Fifth Circuit found that the defendant's Sixth Amendment rights had not been violated. Id. at 525. In evaluating the reason for the delay, the court held that "[t]he record reveal[ed] no misconduct nor intention to delay by the government. Nor is there anything in the record which shows the government was unreasonable in its actions." Id. The court further held that "[a]n unintentional delay, one attributable to negligence, is to be weighed less heavily against the government." Id. (internal quotation marks omitted). In evaluating whether Milhim was prejudiced, the court recognized that relevant factors include whether the defendant was incarcerated pending trial, whether his defense was impaired, and whether he was subject to excess anxiety. Id.

Both parties agree that the court must apply the Barker factors, but dispute whether the factors weigh in favor of finding a violation of the Sixth Amendment based on post-indictment delay. (Dkt. ## 150, 151.)

## DISCUSSION

I. Length of the Delay

The length of the delay here is more than one year, and therefore, sufficient to trigger an analysis of the remaining Barker factors. See Serna-Villareal, 352 F.3d at 240. This factor weighs in Defendant's favor.

II. Reason for the Delay

Defendant argues that the reasons for the delays in this case are not justifiable. Defendant points to the following reasons for the delays: (1) the Government's choice not to interview witnesses in Thailand until the Court granted Defendant's request to conduct foreign depositions; (2) the Government's choice to seek a Second Superseding Indictment after the foreign depositions took place; (3) the Government's listing of William Romney on its exhibit list without previously disclosing him; (4) the disclosure that the Government would use metadata a few days before trial; (5) the Government's production of the forensic information from Defendant's hard drive weeks before the August 2014 planned trial date; and (6) the inclusion of 105 new exhibits on the Government's exhibit list in preparation for the planned August 2014 trial. (Dkt. # 205.)

The Court's previous Order discussed the first two reasons; after considering those delays in conjunction with the remaining reasons for the delays, the Court finds that this factor does not weigh in favor of dismissing the Second Superseding Indictment. First, the failure to interview the foreign witnesses was reasonable in light of the prior rulings in this case. (See Dkt. # 159 at 8.) Moreover, the Court found that the Second Superseding Indictment did not broaden the charges against Defendant, but rather narrowed the allegations. Further, the Second Superseding Indictment was filed after the foreign depositions that Defendant requested took place. These depositions were the basis for the Second Superseding Indictment, and thus, the Government could not have discovered the relevant information previously.

Next, Defendant argues that William Romney was a late addition to the witness list. However, the only other witness list filed in this case by the Government was filed more than three years earlier on January 12, 2011. (Dkt. # 76.) Defendant appears to be dissatisfied with the inclusion of Romney on the Government's witness list, when a few weeks previously, Romney had not been on a list the Government provided Defendant at his request.

Defendant claims that this late inclusion of Romney amounted to delay because Defense counsel had no idea who Romney was and further because the Government admitted that it had failed to turn over an IRS memorandum

memorializing Romney's interview from September 24, 2008—more than three years earlier. (Dkt. # 177 at 6.) Defense counsel stated that he asked the Government whether Romney was being called as an expert witness, and if not, on what non-hearsay testimony Romney would rely. (Id.) The Government responded that it was calling Romney as a fact witness, but refused to disclose the nature of his testimony. (Id.) Defendant argues that this created further delay and weighs in favor of finding a constitutional violation for post-indictment delay. (Id.)

Although Defense counsel had obtained a list of the Government's witnesses, which did not include Romney, so that he could avoid subpoenaing witnesses who would already be called by the Government, Defense counsel points to no authority that states that the Government was bound by that informal list or that the list was immutable.

Additionally, Defendant contends that the Government's delay on account of the metadata evidence was unreasonable. In support, Defendant points to the fact that the review of the metadata did not yield a significant cache of new information. Additionally, Defendant argues that this review constituted unreasonable delay because the Government had previously reviewed the metadata on Defendant's computer. Defendant argues that because the Government was wrong that there was additional metadata evidence, the continuance was

unnecessary.  However, Defendant's argument ignores the fact that the Government had a reasonable belief based on its review that there would be additional metadata evidence in the files.  Additionally, although Defendant argues that the Government had previously reviewed the metadata, the Government contends that on March 19, 2014, an agent noticed that there was metadata in "letter.doc" that indicated that certain exhibits may not be entirely as they appear.  The Government argues that it had a duty to bring this to Defense counsel's attention, which led to the continuance.  The Court will not dismiss a prosecution because the Government and fulfilled its ethical obligations to this Court and pursued a reasonable theory that could have had significant implications in the case.

      Defendant next argues that the post-indictment delay was compounded by the Government's failure to produce the results of the forensic analysis of Defendant's hard drive until late July 2014 and the addition of the 105 new exhibits.  However, this argument is unavailing.  The Government did provide Defendant with a copy of his own hard drive and Defendant could have conducted its own analysis of it.  Defendant chose not to do so and instead chose to rely on the analysis conducted by the Government.  (Dkt. # 205 at 18–19.)  Defendant argues that the Government's tactics here necessitate his request for another continuance to review the additional documents that now may be relevant.

However, especially given that Defendant had the opportunity to conduct the same analysis the Government did, there is no reason that Defendant can claim unfair surprise that the Government intends to rely on these documents. Additionally, the Government states, and the Court agrees, that it has fully complied with Rule 16 of the Federal Rules of Evidence in providing these documents and an image of Defendant's hard drive to Defendant. Therefore, the Court does not find that the August continuance delay is wholly attributed to the Government.

In sum, the Court finds that the reasons for the delay were not negligence on the part of the Government, and that the delays, when considered as a whole, were justified and do not weigh in favor of dismissing the Second Superseding Indictment.

III.  Defendant's Diligence in asserting his rights

Here, Defendant argues that he has objected each time the Government has made "last minute material alterations to this case." (Dkt. # 205 at 22.) Defendant argues that through these actions, he has been diligently asserting his rights.

In the Court's previous order evaluating post-indictment delay, the Court found that "the fact that this case has been put on hold numerous times at [Defendant's] request, weighs heavily against a finding for Defendant on [this] factor." (Dkt. # 159 at 9.) When evaluating these new delays in light of the

progress of the case as a whole, it is clear that much of the overall delay was due to Defendant's requests, and therefore, this factor does not weigh in Defendant's favor.

IV.     Prejudice to the Defendant

Defendant first argues he was prejudiced by the Government's filing of the Second Superseding Indictment because he wasted time and money conducting the foreign depositions and after the Second Superseding Indictment, he believed further testimony was necessary, which would require greater expense. However, the Court has already addressed this issue, and Defendant has presented no reasons for the Court to disturb its prior ruling.

Second, Defendant argues that a major form of prejudice relates to memory loss. (Dkt. # 205 at 29.) However, the Court has already addressed this argument in its previous order finding that "[b]ecause this case has been progressing towards trial, albeit slowly, there is little danger of Defendant's defense being impaired by loss of memory or exculpatory evidence." (Dkt. # 159.) The Court finds that the additional delay since that Order has not altered this calculus. The case has continued to progress and further, trial testimony from the foreign depositions has already been recorded and preserved on certain issues, obviating the danger of a loss of memory on those topics. The Court found in March that there was little danger that Defendant's defense had been impaired by

13

the delay, and the Court finds that this statement is still true.  Although prejudice may be presumed when a delay has been excessive, that is not the case here.  As stated above, this case has been progressing towards trial.  The case is complicated, and the time has been necessary to flush out the issues in their entirety.[1] Additionally, because many of the requested continuances have been at the request of the Defendant so that he can adequately prepare his defense, there can be no argument that these periods of delay resulted in prejudice.

After considering the Barker factors and the progress of this case as a whole, the Court finds that Defendant's motions to dismiss the Second Superseding Indictment due to post-indictment delay (Dkt. ## 177, 186, 205) is **DENIED.**

---

[1] Although Defendant asserts that prejudice occurred due to the delay because "some countries involved only require [business] books and records be kept for a 5-year period of time" and that "Defendant strongly suspects that these books and records will no longer exist," (Dkt. # 205 at 33–34), the Court will not find prejudice merely based upon Defendant's unsupported speculation.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motions (Dkt. ## 177, 186, 205).

    IT IS SO ORDERED.

    DATED:  San Antonio Texas, November 24, 2014.

    _____
    David Alan Ezra
    Senior United States Distict Judge