UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. SA-10-CR-00593-DAE |
| | ) | |
| ROBERT WARREN SCULLY, | ) | |
|     Defendant. | ) | |

MOTION FOR A RESTRAINING ORDER
TO PREVENT DISSIPATION OF ASSETS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America and moves this Court pursuant to the All Writ's Act, 28 U.S.C. §1651, for an order restraining Defendant, ROBERT WARREN SCULLY, his representatives, attorneys, agents, family members, nominees, alter egos (companies), custodians, assigns, and any other person or entity holding any property on his behalf from alienating, dissipating, transferring, selling, assigning, leasing, pledging, encumbering, disposing, concealing, moving, or attempting or completing any action that would affect or diminish the marketability or value of Defendant's real or personal property or otherwise render it unavailable for restitution. The Government seeks the restraint of Defendant's assets so that they are available for restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §3663A.

## FACTS

1.    On July 7, 2010, a nine-count indictment was entered charging the Defendant with violations of 18 U.S.C. § 371; 26 U.S.C. § 7206(1) and (2); and 18 U.S.C. § 1621. (Doc. No. 1). On October 16, 2013, a second superseding indictment was filed charging the Defendant

with violations of 18 U.S.C. § 371; 26 U.S.C. § 7206(2); 18 U.S.C. § 1349; and 18 U.S.C. §1343.  (Doc. No. 131).

2.	On November 25, 2015, a jury found the Defendant guilty on Counts One, Five, Eight, and Ten.  (Doc. No. 290).  Defendant's sentencing hearing was scheduled for July, 7, 2016, but Defendant claimed a medical emergency prevented his travel from California to San Antonio.

3.	The Government's investigation has determined that the Defendant has substantial assets available for possible restitution.  The United States has an interest in insuring that any assets be preserved for application towards Defendant's restitution debt while he awaits sentencing.  In April 2016 Defendant sold some of his real property located at 39 Mariner Lane in Mary Esther, Florida, and the Government is informed that sales proceeds in excess of $220,000.00 were placed into his attorney's trust account. The Government has not been able to reach an agreement with Defendant to have those proceeds placed in the Court registry where they would be available for any restitution imposed.

**ARGUMENT**

This Court has the authority to restrain a defendant's assets in anticipation of a sentence that will include restitution.   Federal courts are authorized under the All Writs Act ("Act"), 28 U.S.C. § 1651, to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a).  While the language of the Act refers to writs issued in aid of jurisdiction, the Supreme Court has held that the Act empowers district courts to issue orders or injunctions "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 598 (E.D. Va. 2004)

2

(citing *United States v. New York Tel. Co.,* 434 U.S. 159, 172 (1977)); *see also United States v. Cohen,* 152 F.3d 321, 325 (4th Cir.1998) (stating that "courts have held that 'where an injunction is proper in order to protect or effectuate the judgments of a federal court, it is within that court's power to issue the injunction under the All Writs Act'") (citation omitted)). A district court's power in this regard includes the power to enjoin or bind non-parties. *See In re Baldwin–United Corp.,* 770 F.2d 328, 338 (2d Cir.1985).

For instance, in *United States v. Numisgroup Int'l Corp.*, the government moved under the All Writs Act to restrain 26,600 coins seized via a search warrant in anticipation of a restitution order to be imposed at sentencing. *United States v. Numisgroup Int'l Corp.*, 169 F. Supp.2d 133, 138 (E.D.N.Y. 2001). In finding authority under the Act to restrain assets where "sentencing and a substantial Order of Restitution is imminent," the court noted that the All Writs Act grants courts the power to enjoin and bind parties and non-parties when such action is necessary "to preserve the Court's ability to reach and enforce its decision in a case over which it has proper jurisdiction." *Id.* Post-conviction, defendants "no longer are bathed with the presumption of innocence," and the Court has the power to restrain assets between the time of conviction and the time of sentencing so that assets are available to comply with the upcoming restitution order. *Id.*; *see also, United States v. Gates*, 777 F.Supp. 1294, 1296, n.7 (E.D.Va. 1991) (trial court has authority to order a defendant awaiting sentencing not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation"). In *United States v. Friedman*, a district Court also granted relief similar to that sought herein by temporarily restraining a defendant from transferring assets pursuant to the All Writs Act. *United States v. Friedman*, 143 F.3d 18, 19-20

(1st Cir. 1998).  More recently, a district court relied on *Gates* and *Abdelhadi* to enter an order restraining the defendant from disposing of assets following the defendant's entry of a guilty plea but before his sentencing hearing.  *United States v. Sullivan*, 2010 WL 5437243, 1, 6-8 (E.D.N.C. 2010).

The Government enforces orders of restitution as well as other debts owed the United States through the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, and "by all other available and reasonable means" pursuant to 18 U.S.C. § 3664(m)(ii).  Specifically, the FDCPA authorizes the Court to utilize the All Writs Act, 28 U.S.C. §1651, to support any of the remedies set forth in the FDCPA.  28 U.S.C. § 3202(a).  However, the Government's enforcement efforts typically begin post-judgment based on the lien that arises when the Court pronounces its sentence.  *See* 18 U.S.C. § 3613.  Moreover, none of the various remedies available to the government under the MVRA and the FDCPA to enforce collection of the restitution obligation can be instantly implemented, and none of them prevents a defendant or those acting on his behalf from dissipating assets or otherwise secreting, wasting, or placing them beyond the Government's reach.  The All Writs Act, 28 U.S.C. §1651, allows the Court to restrain a defendant's assets even before an order of restitution has been entered to preserve them and ensure effectiveness of the Court's order.

Here, the Defendant has been found guilty and is awaiting sentencing which has been further delayed.  Sentencing could include restitution, which is likely to be substantial.  It is necessary to preserve his assets to ensure that he can compensate the victims of his crime.

Accordingly, the United States respectfully requests an order restraining the dissipation of Defendant's assets.

        Respectfully submitted,

        RICHARD L. DURBIN, JR.
        UNITED STATES ATTORNEY

By:  /s/ *Kristy K. Callahan*
       **KRISTY K. CALLAHAN**
       Assistant United States Attorney
       Mississippi Bar No. 101255
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas 78216
       T: (210) 384-7255
       F:  (210) 384-7247
       E-mail: Kristy.Callahan@usdoj.gov

## **CERTIFICATE OF CONFERENCE**

     In April 2016 the parties discussed placing the proceeds from the sale into the registry of the Court for safekeeping, but those discussions faltered in June 2016.  The Government expected that Defendant would be sentenced on July 7, 2016, but since it appears that will be further delayed, the Government requests at this time that all of the Defendant's property be restrained pending sentencing in lieu of placing the sale proceeds into the Court registry.

        /s/ *Kristy K. Callahan*
       **KRISTY K. CALLAHAN**
       Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing **Opposed Motion for a Restraining Order to Prevent Dissipation of Assets** was electronically filed via the Court's CM/ECF system on this 7th day of July, 2016, and hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants:

Michael McCrum
MCCRUM LAW OFFICE
One Riverwalk Place, Suite 1900
700 N. St. Mary's St.
San Antonio, Texas 78205
*Attorney for Defendant*

        /s/ *Kristy K. Callahan*
       **KRISTY K. CALLAHAN**
       Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|     Plaintiff,                                      ) | |
|                                                          ) | |
| vs.                                                   )  | CASE NO. SA-10-CR-00593-DAE |
|                                                          ) | |
| ROBERT WARREN SCULLY,      ) | |
|     Defendant.                                   ) | |

### RESTRAINING ORDER

WHEREAS on July 7, 2010, a nine-count indictment was entered charging the Defendant with violations of 18 U.S.C. § 371; 26 U.S.C. § 7206(1) and (2); and 18 U.S.C. § 1621 (Doc. No. 1), and on October 16, 2013, a second superseding indictment was filed charging the Defendant with violations of 18 U.S.C. § 371; 26 U.S.C. § 7206(2); 18 U.S.C. § 1349; and 18 U.S.C. §1343;

WHEREAS on November 25, 2015, jury found the Defendant guilty on Counts One, Five, Eight, and Ten;

WHEREAS the sentencing hearing that was scheduled for July 7, 2016 has been further delayed; and

WHEREAS it is the Court's intent that Defendant's assets be preserved to ensure compensation for his victims;

**IT IS HEREBY ORDERED** that Defendant ROBERT WARREN SCULLY, his representatives, attorneys, agents, family members, nominees, alter egos (companies), custodians, assigns, and any other person or entity holding any property belonging to Defendant or acting at the direction of, for, or in concert with Defendant, hereinafter described as the

"Restrained Parties," shall fully comply with the terms of this Order and shall not take any action prohibited by this Order; and,

**IT IS FURTHER ORDERED** that compliance with the terms of this Order requires that the Restrained Parties shall not engage in the following:

    a.    Directly or indirectly alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the property belonging to Defendant in any manner without prior approval of this Court, including but not limited to withdrawing funds from Defendant's bank accounts; selling or encumbering Defendant's real or personal property, including but not limited to Defendant's vehicles and equipment; and

    b.    Take, or cause to be taken, any action which could have the effect of concealing or moving property from the jurisdiction of this Court; and

    c.    Take or cause to be taken, any action that would have the effect of depreciating, damaging, dissipating or in any way diminishing the value of any property.

This Order shall apply to the entirety of the proceeds from the sale of Defendant's property that was located at 39 Mariner Lane in Mary Esther, Florida. This Order shall remain in full force and effect until Defendant ROBERT WARREN SCULLY has been sentenced by this Court and has satisfied any restitution obligation ordered by this Court in the above-styled case or until further order of this Court.

**IT IS SO ORDERED.**

Dated: _____    _____
                                                         DAVID A. EZRA
                                                         UNITED STATES DISTRICT JUDGE