**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **SA:10-CR-00593-DAE (1)** |
| | § | |
| **ROBERT WARREN SCULLY** | § | |

### DEFENDANT'S MOTION TO VACATE
### ORDER RESTRAINING ASSETS

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES Defendant Robert Warren Scully, by and through his counsel, Michael McCrum, and presents this Motion to Vacate Order Restraining Assets.

*Pending District Court Order*

On July 7, 2016, this Court entered an order entitled "Restraining Order". *See* Docket No. 317. The Court ordered the Defendant Robert Scully and his representatives, including undersigned attorney, from transferring or otherwise dissipating the proceeds from the sale of Defendant's property located at 39 Mariner Lane, Mary Esther, Florida (the "Florida Residence"). *Id.* p. 2. Undersigned counsel has complied with the Court's order and presently has on deposit in his office IOLTA trust account the approximate amount of two hundred twenty thousand dollars ($220,000.00), which are the proceeds referenced above.

The District Court ordered that Defendant pay $1,206,539.94 in restitution and a $5,000.00 fine. *See* Docket No. 329, p. The Government has recently demanded that the proceeds from the sale of the Florida Residence be delivered to the clerk's office as partial payment of restitution. Notably, however, this Court did not find that restitution was due to any party other than the Internal Revenue Service; nor that monies used to purchase the Florida Residence were tainted funds; nor did the Government seek nor the Court order the forfeiture of

the Florida Residence. Indeed, the Government's Motion for Restraining Order to Prevent Dissipation of Assets sought restraint only on the basis that the proceeds from the sale of the Florida Residence "so that they are available for restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §3663A," not because such monies were illegal, tainted proceeds. *See* Docket No. 315. Additionally, the Government filed a notice of forfeiture of all "property, real or personal, which constitutes or is derived from proceeds traceable to" the criminal violations set forth in Counts Five through Ten of the Second Superseding Indictment, but in such pleading the Government only included the residence situated at 108 Brier Drive, Boulder Creek, California; the Government did not seek forfeiture of the Florida Residence. *See* Docket No. 223, pp. 3-5.

The instant case is currently on appeal, and transcripts have been ordered.  *See* Docket Nos. 332-336.  Undersigned counsel was notified yesterday that payment for transcripts in the approximate amount of $11,000.00 must be made no later than Monday, January 23, 2017.  To date, undersigned counsel has not been advanced any funds as attorney fees, and is unable to speak with Defendant Scully despite having sent several letters to Mr. Scully and making telephone calls to several jails and the U.S. Marshal's Service.  Apparently, Mr. Scully is in transport to a different facility and it is impossible to communicate with him.  Mr. Scully's spouse has notified undersigned counsel that she does not have the funds to pay the cost of transcripts or attorney fees.

*Pertinent Law*

Ten months ago, the United States Supreme Court rejected the Government's attempt to apply seized funds to satisfy a restitution and other criminal penalties. *See Luis v. United States*, 136 S.Ct. 1083 (2016).  The Government had sought and obtained an order prohibiting the

1

defendant from dissipating assets, which had the effect of freezing the transfer or use of $2,000,000.00 remaining in the defendant's possession. *Id.* at 1087-88. The defendant asserted he needed such funds to pay fees and costs associated with his case. *Id.* at 1088. The Court held that the court's restraint of a defendant's legitimate, untainted assets needed to retain counsel of choice violates the defendant's Sixth Amendment. *Id.* The Court held that a defendant's right to be represented by an otherwise qualified attorney whom the defendant can hire is "fundamental" and guaranteed by the Sixth Amendment. *Id.* at 1089. The Government's effort to restrain a defendant's assets in preference to the payment of restitution "would undermine the value of that right by taking from [the defendant] the ability to use the funds [he] needs to pay for [his] chosen attorney." *Id.*

<u>*Defendant's Immediate Need for Use of Funds*</u>

Undersigned counsel represents to this Court that Defendant Scully requires a minimum of sixty-five thousand dollars ($65,000.00) to pay attorney fees and costs associated with his appeal. Aside from the monies in undersigned counsel's account, Defendant does not otherwise have funds to pay such amount. Moreover, undersigned counsel was notified yesterday that Defendant must pay all transcript costs no later than Monday, January 23, 2017. Accordingly, Defendant respectfully requests that the Court review this motion as soon as possible in order for Defendant and undersigned counsel to comply with Fifth Circuit rules. Defendant seeks an order vacating the District Court's Restraining Order to the extent of $65,000.00 in order to allow him the opportunity to pay his attorney of choice and to pay all necessary appellate costs that are now due and which are likely to occur. Defendant is willing to transfer the balance to the clerk as partial payment of the court-imposed obligations.

WHEREFORE, premises considered, Defendant respectfully prays that the Court will vacate its restraining order, and for such other and further relief as this Court may deem appropriate.

Respectfully Submitted

/s/  Michael McCrum
MCCRUM LAW OFFICE
State Bar No. 13493200
404 E. Ramsey, Suite 102
San Antonio, TX 78216
(210) 225-2285, (210) 225-7045 (Fax)
**Attorney for Robert Scully**

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been filed electronically, on this the 20th day of January 2017 and a copy sent to the United States Attorney's Office, and all other counsel through the court's electronic filing system.

/s/   Michael McCrum
Michael McCrum

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **SA:10-CR-00593-DAE (1)** |
| | § | |
| **ROBERT WARREN SCULLY** | § | |

## ORDER

Came on to be considered Defendant Robert Scully's Motion to Vacate Restraining Order. In light of recent Supreme Court precedent, the Court finds that the motion is well-founded; therefore, it is hereby **GRANTED**.

IT IS HEREBY ORDERED that the Restraining Order previously entered by this Court on July 7, 2016, is vacated to the extent that Defendant shall be permitted to retain $65,000.00 from the amount presently on deposit in his counsel's trust account, and the balance be forwarded to the U.S. District Clerk as partial payment toward Defendant's financial obligations in accordance with the judgment entered in this case.

**SIGNED** this _____ day of January, 2017.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

4